# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa J. Bryant, )<br>)<br>Plaintiff, )<br>) Civil Action No. 9:23-4378-RMG<br>vs. )<br>)<br>Martin J. O'Malley, Commissioner of )<br>Social Security, ) **ORDER**<br>)<br>Defendant. )<br>_____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on Juuly 26, 2024, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 17). The Commissioner filed no objections to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Administrative Law Judge (ALJ) found that Plaintiff suffered from a number of severe impairments, including congestive heart failure, coronary heart disease, stroke and aphasia, but nonetheless retained the residual functional capacity (RFC) to perform less than the full scope of light work. The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded to the agency because the "ALJ's RFC assessment and evaluation of her subjective complaints do not permit meaningful appellate review." (Dkt. No. 17 at 12). The Magistrate Judge noted, in particular, the ALJ's failure to perform a proper function by function

analysis required under 20 C.F.R. § 404.1545(b) regarding Plaintiff's upper extremities impairments. The Magistrate Judge concluded that the ALJ decision "lacks the required logical bridge between the evidence and his conclusion, making appropriate judicial review impossible." (*Id*. at 12-16).  Consequently, the Magistrate Judge recommended that the Commissioner's decision be reversed and remanded for further consideration of Plaintiff's subjective complaints and to better explain how the ALJ arrived at Plaintiff's RFC.

    The Court has reviewed the R & R and the record in this matter and concluded that the Magistrate Judge ably addressed the legal and factual issues regarding this appeal and correctly concluded that the decision of the Commissioner should be reversed and remanded.  The Court adopts the R & R as the order of the Court and reverses and remands the Commissioner's decision pursuant to 42 U.S.C. § 405(g) for further administrative review consistent with this order.

    **AND IT IS SO ORDERED.**

                                                   s/Richard M. Gergel
                                                   Richard Mark Gergel
                                                   United States District Judge

Charleston, South Carolina
August 14, 2024